The Honorable Bob Teague State Representative 4109 Carter Lane Little Rock, Arkansas 72212
Dear Representative Teague:
This is in response to your request for an opinion regarding Act 687 of 1987. You have asked, specifically, whether the personnel committee created thereunder can be expanded to include representatives from classes other than classroom teachers and administrators.
Act 687 of 1987 provides in pertinent part as follows:
 SECTION 2. Each school district shall have a Committee on Personnel Policies which shall consist of no fewer than five (5) classroom teachers, and no more that three (3) administrators. . . . . (Emphasis supplied).
SECTION 4. Each teacher or administrator being employed by a school district for the first time shall be given a copy of the district's personnel policies in effect at the time of his employment. Each teacher or administrator who was employed before the effective date of this Act shall be given a copy of the district's personnel policies at the time his contract is renewed or extended. Each teacher or administrator shall be furnished a copy of any amendments to the personnel policies within thirty (30) days after approval of such amendments by the Board of Directors of such district.
Relevant to your inquiry are Act 714 of 1971 and Act 400 of 1975, codified at Ark. Stat. Ann. 80-1256 — 80-1260, which were repealed by Act 687 of 1987. The introductory language of each of these Acts had provided with respect to committee membership as follows:
 Each school district shall have a Committee on Personnel Policies consisting of classroom teachers, administrators, and the superintendent.
Act 1975, No. 400, Sec. 1.
The Board of Directors of each school district shall designate a Committee on Personnel Policy consisting of classroom teachers, administrators and member of the Board of Directors to be named by the Board of Directors and the Superintendent shall be an ex-officio member.
Acts 1971, 714, Sec. 2.
When Act 687 of 1987 is read with Act 714 of 1971 and Act 400 of 1975 in mind, it becomes apparent that the phrase "shall consist" should be interpreted as limiting representation on the Committee on Personnel Policies to classroom teachers and administrators. Act 714 had included Board members on the Committee; Act 400 included the Superintendent only; and now Act 687 of 1987, which repealed these two prior Acts, has eliminated both Superintendents and Board members.
Section 4 bolsters this interpretation wherein reference is made to teachers and administrators as beneficiaries of the Committee on Personnel Policies, rather than students, parents, or non-certified personnel. Another argument which would preclude appointing representatives not belonging to the designated classes is the potential for diluting the relative strength of representation on the Committee by the designated classes.
Thus, it is the opinion of this office that use of the language "shall consist" in Act 687 was intended to limit the membership on the Committee on Personnel Policies to classroom teachers and administrators, and was not intended to open the door to the appointment of any number of other representative once the threshold of classroom teacher and administrator appointments had been reached.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.